UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CYMEYON HILL,

    Plaintiff,

v.

DR. BORBA, et al.,

    Defendants.

Case No. 20-cv-03255-YGR (PR)

**ORDER OF PARTIAL DISMISSAL AND SERVICE**

## I. INTRODUCTION

Plaintiff, a civil detainee currently being held in custody at Salinas Valley State Prison ("SVSP"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Venue is proper because the events giving rise to the claim is alleged to have occurred in SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

Plaintiff named as Defendants, two psychiatrists at SVSP, Dr. Borba and Dr. M. Tyler. Dkt 1 at 1.[1] Plaintiff seeks injunctive relief and monetary damages. *Id.* at 3.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

### B. Legal Claims

Plaintiff, who was civilly committed in 1997 following a plea of not guilty by reason of insanity, alleges the following claims: (1) retaliation claim against his psychiatrist, Defendant Borba, for filing "fake medical documents to place Plaintiff on involuntary medication" on April 29, 2020 in retaliation for Plaintiff filing a civil action against SVSP Physician Dr. Darren Bright; (2) claim of verbal threats by Defendant Borba who stated that "he would have Plaintiff killed by prison officials and brutally assaulted for filing [a] complaint" and for telling an "officer on 3rd watch to kill [Plaintiff] if [he] do[es]n't take the meds"; (3) retaliation claim against Defendant Borba for directing prison officials to "tamper with Plaintiff[']s food" and to "throw[] away federal legal mail" to punish and retaliate against Plaintiff for filing claims against prison official"; and (4) deliberate indifference to serious medical needs claim against Defendants Borba and Tyler for prescribing medication (Zoloft) that "caused Plaintiff severe liver pain and stomach pain," for which Plaintiff requested treatment for medical issue[s] but was denied" and led to Plaintiff "suffer[] major chronic pain." Dkt. 1 at 3-10.

Plaintiff has stated a cognizable First Amendment retaliation claim against Defendant Borba based on the allegations above. However, Plaintiff's claim against Defendant Borba of verbal harassment and threats is dismissed. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983.); *see also Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result). Finally, Plaintiff has stated a cognizable Eighth Amendment claims of deliberate indifference to his serious medical needs against Defendants Borba and Tyler.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff has stated a cognizable First Amendment retaliation claim against Defendant Borba.

2

1      2.     Plaintiff's claim against Defendant Borba of verbal harassment and threats is
2 DISMISSED.
3      3.     Plaintiff has stated a cognizable Eighth Amendment claims of deliberate
4 indifference to his serious medical needs against Defendants Borba and Tyler
5      4.     The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of
6 Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint
7 and all attachments thereto (dkt. 1), and a copy of this Order to the following Defendants at SVSP:
8 **SVSP psychiatrists, Dr. Borba and Dr. M. Tyler.** The Clerk shall also mail a copy of the
9 amended complaint and a copy of this Order to the State Attorney General's Office in San
10 Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.
11      5.     Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure
12 requires them to cooperate in saving unnecessary costs of service of the summons and amended
13 complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the
14 Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, Defendants will be
15 required to bear the cost of such service unless good cause can be shown for the failure to sign and
16 return the waiver form. If service is waived, this action will proceed as if Defendants had been
17 served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will
18 not be required to serve and file an answer before **sixty (60) days** from the date on which the
19 request for waiver was sent. (This allows a longer time to respond than would be required if formal
20 service of summons is necessary.) Defendants are asked to read the statement set forth at the foot
21 of the waiver form that more completely describes the duties of the parties with regard to waiver of
22 service of the summons. If service is waived after the date provided in the Notice but before
23 Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on
24 which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed,
25 whichever is later.
26      6.     Defendants shall answer the amended complaint in accordance with the Federal
27 Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this
28 action:

3

a. No later than **sixty (60) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[2] notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the amended complaint, Defendants may move for dismissal under Rule 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise, if a failure to exhaust is not clear on the face of the amended complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge, rather than a jury, should determine the facts in a preliminary proceeding. *Id.* at 1168.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. Plaintiff's opposition to the dispositive motion shall be filed with the Court

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

4

1   and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants'
2   motion is filed.

3       c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the
4   Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must
5   do in order to oppose a motion for summary judgment.  Generally, summary judgment must be
6   granted when there is no genuine issue of material fact—that is, if there is no real dispute about any
7   fact that would affect the result of your case, the party who asked for summary judgment is entitled
8   to judgment as a matter of law, which will end your case.  When a party you are suing makes a
9   motion for summary judgment that is supported properly by declarations (or other sworn
10  testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific
11  facts in declarations, depositions, answers to interrogatories, or authenticated documents, as
12  provided in Rule 56(c), that contradict the facts shown in the defendant's declarations and
13  documents and show that there is a genuine issue of material fact for trial.  If you do not submit
14  your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
15  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154
16  F.3d at 962-63.

17    Plaintiff also is advised that—in the rare event that Defendants argue that the failure to
18  exhaust is clear on the face of the amended complaint—a motion to dismiss for failure to exhaust
19  available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit
20  without prejudice.  To avoid dismissal, you have the right to present any evidence to show that you
21  did exhaust your available administrative remedies before coming to federal court.  Such evidence
22  may include: (1) declarations, which are statements signed under penalty of perjury by you or
23  others who have personal knowledge of relevant matters; (2) authenticated documents—documents
24  accompanied by a declaration showing where they came from and why they are authentic, or other
25  sworn papers such as answers to interrogatories or depositions; (3) statements in your amended
26  complaint insofar as they were made under penalty of perjury and they show that you have personal
27  knowledge of the matters state therein.  As mentioned above, in considering a motion to dismiss for
28  failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under

Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.      Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

        e.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

      7.      Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

      8.      All communications by Plaintiff with the Court must be served on Defendants or Defendants' counsel, once counsel has been designated, by mailing a true copy of the document to them.

      9.      It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

      10.      Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: December 15, 2020

YVONNE GONZALEZ ROGERS  
United States District Judge

6